# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 14-962

**JEANNE HESS**

**VERSUS**

**M & C INSURANCE, INC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2014-0611-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

**Cooks, J., dissents.**

                                        **AFFIRMED.**

**Rodney Marchive Rabalais**
**P. O. Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **M & C Insurance, Inc.**

**Koby D. Boyett**
**P. O. Box 12746**
**Alexandria, LA 71315**
**(318) 442-9462**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Jeanne Hess**

**EZELL, Judge.**

A shareholder filed a petition for writ of mandamus seeking to enforce her right to inspect corporate records pursuant to La.R.S. 12:103(D). She also sought costs, expenses, and attorney fees pursuant to La.R.S. 12:172(D). This appeal results from the trial court's denial of the writ of mandamus.

## FACTS

Jeanne Hess was an employee of M & C Insurance, Inc. On January 7, 2006, the Board of Directors of M & C voted to sell 10% of its shares to Ms. Hess. Following her separation of employment with M & C, Ms. Hess sent a letter dated May 28, 2014, to M & C on June 4, 2104, seeking to inspect the corporate records pursuant to La.R.S. 12:103(D). Ms. Hess is the owner of at least 5% of the outstanding shares of stock. She specifically demanded examination of the records and accounts to be performed on June 13, 2104, at 1:30 p.m. at M & C's registered office. Ms. Hess wanted to examine the records and accounts to determine the value of her stock and the current expenses of the corporation.

Following receipt of the letter, counsel for M & C contacted counsel for Ms. Hess on June 5, 2014, informing him of his representation of M & C. An offer to purchase Ms. Hess's shares of stock was made at that time. On June 10, 2014, counsel for M & C sent another letter to counsel for Ms. Hess requesting the signing of a nondisclosure form before Ms. Hess reviewed the records and accounts. M & C also requested that the examination take place at a different office claiming that Ms. Hess had disrupted its business in the past. The letter also requested that Ms. Hess reschedule the date because June 13 was not convenient. Additionally, M & C informed Ms. Hess that her request was overly broad and ambiguous. M & C further offered to send tax returns from the last three years and a Federal Asset Report as soon as Ms. Hess signed the nondisclosure. On June 13,

2014, counsel for M & C sent yet another letter to counsel for Ms. Hess via fax and advised that no inspection would be allowed that day and that M & C wanted to cooperate but was having difficulty since no one on behalf of Ms. Hess would respond to its letters or phone calls.

On June 13, 2014, Ms. Hess filed a petition for writ of mandamus, seeking to enforce her shareholder's right to examine M & C's records and accounts. She also sought costs and expenses, including attorney fees pursuant to La.R.S. 12:172(D) for M & C's refusal to allow her to inspect its corporate records. At the same time, Ms. Hess also filed a shareholder's derivative suit and petition for damages against Michael DeSoto, a shareholder, director, and president of M & C. The trial court issued a judgment ordering that these two actions be refiled as separate and distinct matters.

A hearing on the writ of mandamus was held on June 30, 2014. The trial court denied Ms. Hess's writ of mandamus resulting in Ms. Hess filing the present appeal.

## RIGHT OF INSPECTION

Ms. Hess sought the right to inspect M & C's corporate records pursuant to La.R.S. 12:103(D)(1)(a), which, at the time, provided[1]:

> Upon at least five days' written notice any shareholder, except a business competitor, who is and has been the holder of record of at least five percent of the outstanding shares of any class of a corporation for at least six months shall have the right to examine, in person or by agent or attorney, at any reasonable time, for any proper and reasonable purpose, any and all of the records and accounts of the corporation and to make extracts therefrom.

In order to establish a cause of action for a bad-faith denial of a shareholder's right to inspect corporate records, Ms. Hess must establish:

---

[1] Louisiana Revised Statutes 12:103 was repealed by Acts 2014, No. 328, § 5, effective January 1, 2015, which enacted the Louisiana Business Corporation Act.

2

(1) proper written demand by an authorized shareholder to *examine* and/or *make extracts* of corporate records, (2) *bad faith refusal* by the corporation and/or a corporate officer or agent to permit the exercise of the *inspection* rights, and (3) proof of (a) *costs* and *expenses* (including attorney fees) of *any proceeding to enforce* such inspection rights and (b) any other damages actually sustained by the shareholder (and caused by the bad faith refusal).

*Directional Wireline Servs., Inc. v. Tillett*, 552 So.2d 1201, 1210 (La.App. 1 Cir.), *writs denied*, 551 So.2d 1343, 1344 (La.1989); *Thornton ex rel. Laneco Constr. Sys., Inc. v. Lanehart*, 97-2870 (La.App. 1 Cir. 12/28/98), 723 So.2d 1113, *writ denied*, 99-222 (La. 3/19/99), 740 So.2d 116. The use of a mandamus proceeding is appropriate when seeking compliance with the statutory right of a shareholder to inspect corporate records. *Directional Wireline Servs.*, 552 So.2d 1201.; La.Code Civ.P. arts. 3861 and 3864. Findings of fact regarding whether to issue a writ of mandamus are subject to the manifest error standard of review. *Guidry v. Gulf Coast Coil Tubing*, 09-621 (La.App. 3 Cir. 12/9/09), 24 So.3d 1019.

In denying Ms. Hess's petition for writ of mandamus, the trial court found that M & C had not denied her the right to inspect the records. Instead, the trial court found that M & C simply requested a non-disclosure agreement, suggested that the request for documents was overbroad, and requested rescheduling of the date for inspection. The trial court also found that M & C offered to send tax returns and other documents to counsel for Ms. Hess. The trial court further held that Ms. Hess had the ability to obtain the documents by ordinary means of discovery in the other pending litigation.

Louisiana Revised Statutes 12:103(D)(1)(a) provides that a shareholder has the right of inspection "at any reasonable time." However, the right of inspection does not entitle a shareholder to insist upon a particular time or place for conducting the inspection. What is a reasonable time depends upon the

3

circumstances of each case. It is probable that there may be days or times when a place of business is not able to accommodate a request to review its records.

M & C has never denied Ms. Hess the right to inspect its records. It repeatedly tried to contact her counsel but never received any communication from him. As soon as the day arrived that Ms. Hess requested that she be able to inspect M & C's records, Ms. Hess filed the petition for writ of mandamus. However, M & C did not refuse Ms. Hess the right to inspect the records. M & C attempted to no avail, to set another date for the inspection.

Furthermore, La.R.S. 12:103 allows a court to deny access to confidential corporate information or specify that it be disclosed only in a designated way. *Thornton*, 723 So.2d 1113; *Ales v. Sewell*, 00-2017, 00-2018 (La.App. 4 Cir. 10/17/01), 800 So.2d 36. According to the letter written by M & C, the nondisclosure it was requesting that Ms. Hess sign was similar to the nondisclosure she signed when employed by M & C. We see no bad faith on the part of M & C asking Ms. Hess to sign a nondisclosure agreement as a shareholder which she previously did as an employee. We also observe that La.R.S. 12:103 does not require that the inspection be held at the offices of the corporation, although ordinarily it "should be exercised *at the place where the corporate records are kept.*" *Directional Wireline Servs., Inc.*, 552 So.2d at 1211.

We agree with the trial court that there has not been any bad faith refusal by M & C to allow Ms. Hess to inspect its corporate records. The trial court was correct in denying the petition for mandamus. The judgment of the trial court is affirmed. Costs of this appeal are assessed to Jeanne Hess.

**AFFIRMED.**

4